## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| Michael Robert Kuzminski,<br>    Petitioner,<br><br>v.<br><br>Harold Clarke, et al.,<br>    Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)    No. 1:23cv1142 (RDA/JFA) |

#### MEMORANDUM OPINION and ORDER

Michael Robert Kuzminski ("Kuzminski" or "Petitioner"), a Virginia inmate proceeding *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the computation of his jail credits related to sentences imposed by the Circuit Court of the City of Chesapeake, Virginia. [Dkt. No. 1]. On October 26, 2023, Respondent Clarke filed a Rule 5 Answer and a Motion to Dismiss with supporting briefs and exhibits.[1] [Dkt. Nos. 18-20].[2] Petitioner was advised of his right to file a response pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), in accordance with Local Rule 7(K). On November 3, 2023, Kuzminski filed a motion for default judgment. [Dkt. No. 23]. Accordingly, this matter is ripe for disposition. For the reasons that follow, Respondent's Motion to Dismiss will be granted and the petition will be dismissed without prejudice for failure to exhaust.

---

[1] Respondent's Rule 5 Answer and accompanying pleadings comply with *Sanford v. Clarke*, 52 F.4th 582, 586 (4th Cir. 2022) because there are no relevant transcripts and there were no appellate briefs. Respondent has identified the three transcripts that have been prepared and provided copies to the Court and Kuzminski of the relevant portions of the state revocation proceedings and the pending state habeas proceeding. [Dkt. Nos. 20 at 5; and 20-1 through 20-4].

[2] On October 4, 2023, before Respondent Clarke filed his Rule 5 Answer and Motion to Dismiss, Kuzminski filed an "Emergency Motion for Jail Credits," accompanied by a Declaration; and a "Motion to Amend," also accompanied by a Declaration. [Dkt. Nos. 14-17, 23]. These matters will be addressed herein.

## I. Procedural History

In 2023, the Circuit Court of the City of Chesapeake held a revocation proceeding that concerned two of Kuzminski's convictions in which the court had suspended a portion of the sentence when the original sentence was imposed. In 2016, Kuzminski was convicted in the circuit court of obtaining money by false pretense, in violation of Virginia Code § 18.2-178, Case No. CR15001596-00, and sentenced to seven years, with six years suspended. In 2020, Kuzminski was convicted of eluding the police in violation of Virginia Code § 46.2-817(B), Case No. CR20-1047-00, and sentenced to three years in prison. At the show cause hearing on March 30, 2023, the circuit court revoked five years and six months of the unserved portion of Kuzminski's sentence for obtaining money by false pretense and the remaining two years of the unserved portion of Kuzminski's sentence for eluding law enforcement. In the judgment order entered on June 21, 2023, the circuit court re-suspended five years of the remaining sentence for obtaining money by false pretense, and one-year and six months of the remaining unserved portion of sentence for eluding. [Dkt. No. 20-1] (Case Nos. CR15-1596-05 and CR20-1047-02).

Kuzminski, by counsel, filed a timely appeal of the revocations in the Court of Appeals of Virginia. On September 26, 2023, Kuzminski filed an affidavit and sought to withdraw his appeal. [Dkt. No. 20-2 at 2-3]. On September 28, 2023, the Court of Appeals granted Kuzminski's request and his appeal was deemed withdrawn. Dkt. No. 20-3] (*Kuzminski v. Commonwealth*, Record No. 1578-23-1).

On or around October 19, 2023, Kuzminski filed an amended state habeas petition in the circuit court. [Dkt. No. 20-4] (*Kuzminski v.* Clarke, Case No. CL23005705-00). In the petition, Kuzminski raised several claims regarding the proper application of jail credits to his sentences,

2

and allegations of ineffective assistance of counsel. [*Id.* at 5]. The circuit court granted Kuzminski

leave to proceed *in forma pauperis* on November 28, 2023, and that matter is still pending.[3]

On August 23, 2023, Kuzminski timely filed his current federal petition for a writ of habeas

corpus in this Court, which raises the following four claims:

I.  "Virginia Department of Corrections miscalculated my time on my original charges and [Kuzminski] lost 2 months of [his] jail credits which should have gone to [his] now active probation violations that stem from these same charges."

II. "I'm denied some of my jail credits by the Sheriff Dept they won't follow statute § 53.1-187."

III. Counsel was ineffective for failing to argue his failure to pay restitution rendered him "guilty of only a technical violation and should have been sentenced pursuant to § 19.2-306.1." Further, counsel did not argue that his hearing was set as a "one year restitution hearing for a person that is on supervised probation" and petitioner had paid "over $400" prior to the hearing; petitioner had not "willfully refused to pay" his restitution; and petitioner had "never been found guilty of violating a special condition" of probation.

[Dkt. No. 1 at 5-12].[4] Respondent argues that the claims raised in the federal petition, at least in

part, are the same as are pending in the state habeas petition. [Dkt. No. No. 20 at 2-4]. It is evident

that none of the claims raised in the federal petition have been raised on appeal or by way of habeas

corpus in the Supreme Court of Virginia.

---

[3] *See Virginia's Judicial System,* https://www.vacourts.gov/ (last viewed Dec. 5, 2023) (Case Status and Information Tab, Circuit Court Tab, Chesapeake Circuit Court Tab, Civil Tab, search, "Kuzminski, Michael"). *See Colonial Penn Ins. Co. v. Coil,* 887 F.2d 1236, 1239 (4th Cir. 1989) ("most frequent use of judicial notice of ascertainable facts is in noticing the content of court records") (collecting cases); *see, e.g., Lynch v. Leis,* 382 F.3d 642, 647 & n.5 (6th Cir. 2004) (taking judicial notice of state court records available to public online).

[4] Respondent Clarke listed four claims in his motion to dismiss but Kuzminski only identified three claims. Respondent may have been trying to designate a matter that was within the four pages of test that accompanied claim III. However, in reviewing a federal habeas petition, a district "court must consider claims as they are presented in the petition, reviewing them under the applicable standard . . . [and it is] the district court['s] duty to consider only the specific claims raised in a § 2254 petition." *See Folkes v. Nelsen,* 34 F.4th 258, 269 (4th Cir. 2022) (citations omitted); *Frey v. Schuetzle,* 78 F.3d 359, 360-61 (8th Cir. 1996) (district courts adjudicate only those claims upon which the petitioner seeks relief and do not decide claims upon which the petitioner never intended to seek relief).

Since filing his § 2254 petition, Kuzminski has filed three motions 1) in his Motion to Amend, he seeks to amend the title of Respondent, Sgt. Earles, Chesapeake Sheriff's Department, to indicate that Earles is now a Lieutenant [Dkt. No. 14]; 2) in his Emergency Motion for Jail Credits, he argued because his release date "is now 11-22-23 . . . No further delays by the state court regarding the exhaustion of state remedies should be [sic] excepted." [Dkt. No. 16 at 9]; and 3) Kuzminski filed a motion for a default judgment against Respondent Jim O'Sullivan, Sheriff, City of Chesapeake, for the previously mentioned eighteen days of jail credit. [Dkt. No. 23]. In an attachment to the Emergency Motion for Jail Credits, Kuzminski acknowledges that he and the jail disagree as to whether he has been given credit for approximately eighteen days of time (December 21, 2019 through January 7, 2020). [Dkt. No. 16-1 at 2]. His motions will be addressed below.

## II. Exhaustion

Exhaustion is a matter of comity to the state courts, and failure to exhaust requires dismissal from federal court to permit the petitioner to present his claims to the state courts. *See* 28 U.S.C. 2254(b); *Preiser v. Rodriguez*, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Thus, Petitioner must present the same factual and legal claims raised in the instant case to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. *See Picard v. Connor*, 404 U.S. 270 (1971). In reviewing federal challenges to state proceedings, "[s]tate courts, like federal courts, are obliged to enforce federal law. Comity thus dictates that when a prisoner alleges that [his or her] continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." *O'Sullivan*, 526 U.S. at 844; *see also Harrington v.*

4

*Richter*, 562 U.S. 86, 103 (2011) ("the exhaustion requirement and the doctrine of procedural bar [complement each other] to ensure that state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding").[5]

The exhaustion requirement is strictly enforced and if a petition includes both exhausted and unexhausted claims, courts must dismiss the entire petition. *Rose v. Lundy*, 455 U.S. 509, 522 (1982); *see* 28 U.S.C. 2254(b). If a § 2254 petitioner has not presented his habeas claims to the appropriate state court and could still do so, a federal court should dismiss his petition without prejudice. *See Slayton v. Smith*, 404 U.S. 53, 54 (1971); *see, e.g., Douglas v. Muncy*, 570 F.2d 499, 501 (4th Cir. 1978) ("the [district] court's action was clearly in error" in not dismissing the petition because the respondent did not waive exhaustion, and the district court's judgment was reversed "and remand with directions to dismiss the petition"). Here, Respondent has not waived exhaustion, and Petitioner admits he has not exhausted his claims in state court as required [Dkt. Nos. 1 at 6, 7-8, 13; 16 at 9]. The petition will be dismissed without prejudice.

Petitioner's other motions are irrelevant in light of his failure to exhaust. His Motion to Amend Respondent Earle's title will be denied; his Emergency Motion for Jail Credits and Motion for Default Judgment[6] each ignore his failure to exhaust his state court remedies and will be denied without prejudice.

---

[5] Petitioner is advised that filing this petition under 28 U.S.C. § 2254 for federal habeas corpus relief does not stop the running of the one-year limitations period provided by 28 U.S.C. § 2244(d). *See Duncan v. Walker*, 533 U.S. 167, 172 (2001). Petitioner is also advised that any appeal of this Order does not prevent him from attempting to exhaust his claims at the Supreme Court of Virginia.

[6] In addition, granting default judgment is not appropriate in habeas corpus petitions. *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987) (default judgments are not contemplated in habeas corpus cases) (citing *United States ex rel. Mattox v. Scott*, 507 F.2d 919 (7th Cir.1974); *Allen v. Perini*, 424 F.2d 134 (6th Cir. 1970)).

Accordingly, it is hereby ORDERED that Respondent Clarke's Motion to Dismiss [Dkt. No. 18] is GRANTED and this petition be and is DISMISSED WITHOUT PREJUDICE for failure to exhaust state remedies. Petitioner may resubmit his petition to this Court after he has exhausted his state remedies at the Supreme Court of Virginia; and it is

FURTHER ORDERED that Petitioner's Motion to Amend [Dkt. No. 14] is DISMISSED as MOOT; and it is

FURTHER ORDERED that Petitioner's Emergency Motion for Jail Credits [Dkt. No. 16] is DISMISSED WITHOUT PREJUDICE because he has failed to exhaust his state remedies; and it is

FURTHER ORDERED that Petitioner' Motion for Default Judgment [Dkt. No. 23] is DISMISSED WITHOUT PREJUDICE because he has failed to exhaust his state remedies.

If Petitioner wishes to appeal this decision, he must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. A written notice of appeal is a short statement indicating a desire to appeal this Order and noting the date of the Order Petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the Court. Petitioner must also request a certificate of appealability from a circuit justice or judge. *See* 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). For the reasons stated above, this Court expressly declines to issue such a certificate.

The Clerk is directed to send a copy of this Order to Petitioner and counsel of record for Respondent, and to close this civil action.

Entered this _11_ day of _December_, 2023.

Alexandria, Virginia

/s/

Rossie D. Alston, Jr.
United States District Judge

6